UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JEFFREY THOMAS PETERSON,                    Civil No. 11-813 (DWF/JSM)

       Petitioner,

                            **REPORT AND RECOMMENDATION**

v.

LORI SWANSON,
Minnesota Attorney General,

       Respondent.

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I.    BACKGROUND

In 2005, Petitioner was convicted in the state district court for Chippewa County, Minnesota, on a charge of first degree criminal sexual conduct. Petitioner was sentenced to 144 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility in Moose Lake, Minnesota.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

After Petitioner was convicted and sentenced, he filed a direct appeal challenging the validity of both his conviction and his sentence.  The Minnesota Court of Appeals rejected Petitioner's arguments, and affirmed his conviction and sentence.  State v. Peterson, No. A05-682 (Minn.App. 2006), 2006 WL 2129702 (unpublished opinion), [hereafter "Peterson I"].  The Minnesota Supreme Court denied Petitioner's subsequent application for further review on October 17, 2006.  Id.

On May 16, 2007, Petitioner commenced an original proceeding in the Minnesota Court of Appeals, by filing a document that was construed to be an application for a "writ of prohibition."  That application was denied by the Minnesota Court of Appeals on June 12, 2007.[2]

On January 10, 2008, Petitioner filed a motion in the trial court, which was construed to be a post-conviction motion.  See Peterson v. State, No. A09-1825 (Minn.App. 2010), 2010 WL 2899418 (unpublished opinion) at *1, rev. denied, Oct. 19, 2010, [hereafter "Peterson III"].  On March 3, 2008, Petitioner filed a second post-conviction motion.  Id.  Those two post-conviction motions were denied, and Petitioner then filed an appeal challenging the trial court's rulings on both motions.  Id.

Petitioner filed a third post-conviction motion on July 23, 2008, (apparently while his appeal on his first two motions was still pending), and on August 7, 2009, he filed a fourth

---

[2]  Petitioner's application for a writ of prohibition is cited in a later opinion by the Minnesota Court of Appeals.  Peterson v. State, No. A09-1825 (Minn.App. 2010), 2010 WL 2899418 (unpublished opinion) at *1, rev. denied, Oct. 19, 2010.  That opinion indicates that the prohibition proceeding was initiated "[i]n June 2007," and the petition was denied on June 12, 2007.  Id.  However, a website maintained by the Minnesota appellate courts indicates that the petition for prohibition actually was filed on May 16, 2007.  For present purposes, the Court has assumed – for Petitioner's benefit – that the petition was filed on that earlier date, i.e., on May 16, 2007, rather than sometime in June 2007.

post-conviction motion.  Id.  The latter two post-conviction motions, (the third and fourth), were considered and denied together, and Petitioner then filed yet another appeal.  Id.

The Minnesota Court of Appeals affirmed the trial court's denial of Petitioner's first two post-conviction motions on April 14, 2009.  Peterson v. State, No. A08-0670 (Minn.App. 2009), 2009 WL 982185 (unpublished opinion), rev. denied, June 16, 2009, [hereafter "Peterson II"].  The Court of Appeals affirmed the denial of Petitioner's third and fourth post-conviction motions on July 27, 2010, and the Minnesota Supreme Court denied Petitioner's request for further review of that matter on October 19, 2010.  Peterson III.

Petitioner filed his current federal habeas corpus petition on April 1, 2011.  However, the Eighth Circuit Court of Appeals has held that a prisoner habeas corpus petition is deemed to have been filed on the date when it is delivered to prison officials for mailing. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999).  In this case, the petition was signed on March 30, 2011, so Petitioner obviously did not deliver the petition for mailing before that date.  For present purposes, the Court will assume that Petitioner delivered his petition for mailing on the day that he signed it, namely on March 30, 2011, and that will be deemed the filing date for this action.

The current petition lists four grounds for relief, which Petitioner has summarized as follows:

(1) "Sentenced to an unconstitutional sentence."

(2) "Evidence allegedly taken from Appellants home with unconstitutional search + siezure [sic]."

(3) "Hearsay evidence admitted at trial denying Appellant of a fair trial."

(4) "Prosecutorial misconduct denied Appellant a fair and just trial."

3

(Petition, [Docket No. 1], pp. (5)-(6), § 12.)

The Court finds, however, that none of Petitioner's current habeas corpus claims can be decided on the merits, because this action is barred by the one-year statute of limitations prescribed by federal law.  The Court will therefore recommend that this action be summarily dismissed.

## II.   DISCUSSION

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which was enacted in 1996, effected several significant changes in the federal habeas corpus statutes.  One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence.  This statute provides that:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable.  In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right, or any new evidence that could not have been discovered soon enough to file a timely petition.[3]

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's conviction and sentence were upheld by the Minnesota Supreme Court on direct appeal on October 17, 2006.  However, for purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment did not become "final" until the expiration of the deadline for filing a petition for writ of certiorari with the United States Supreme Court.  Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions are not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999).  Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court.  Sup. Ct. R. 13.1.  Thus, for purposes of § 2244(d)(1)(A), Petitioner's

---

[3] In Petitioner's first ground for relief, he alleges that he was sentenced pursuant to a "sentencing scheme" that was "later determined to be unconstitutional." (Petition, p. (5), § 12.A.)  However, Petitioner's memorandum in support of his petition clearly shows that this claim is based on decisions of the United States Supreme Court, and the Minnesota Supreme Court, that were handed down before Petitioner's appeal became final on direct appeal.  Therefore, those decisions could not delay the date when the statute of limitations began to run, pursuant to § 2244(d)(1)(C).

judgment of conviction became "final" on January 15, 2007, (the deadline for seeking certiorari review in the United States Supreme Court), and the one-year federal statute of limitations began to run in this case the next day – January 16, 2007.

However, the present habeas corpus petition was not filed until March 30, 2011, which was more than four years after the statute of limitations began to run. Therefore, this action is clearly barred by the one-year statute of limitations, unless it is saved by the available tolling provisions.

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

In this case, the Court will assume, for present purposes, that Petitioner's application to the Minnesota Court of Appeals for a writ of prohibition constituted a viable post-conviction proceeding that effectively tolled the federal statute of limitations pursuant to § 2244(d)(2). As discussed above, (see n. 2, supra, and accompanying text), the petition for writ of prohibition was filed on May 16, 2007. Thus, the Court finds that the federal statute of limitations was running for 120 days, from January 16, 2007, (when the statute first began to run), until May 16, 2007, (when Petitioner file his petition for a writ of prohibition). See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). The statute was tolled until the petition for writ of prohibition was denied on June 12, 2007, and the statute then

6

started running again the following day – June 13, 2007.

The statute of limitations continued to run from June 13, 2007, until January 10, 2008, when Petitioner filed his first post-conviction motion in the trial court. The statute of limitations ran for another 211 days between June 13, 2007, and January 10, 2008 – the date when Petitioner filed his first post-conviction motion in the trial court.

Based on Peterson III, 2010 WL 2899418 at *1, the Court finds that Petitioner was continuously seeking post-conviction relief in the state trial court, or in the state appellate courts, at all times between January 10, 2008, and October 19, 2010, when the Minnesota Supreme Court denied Petitioner's application for further review of his last two post-conviction motions. However, the § 2244(d)(2) tolling period ended for the last time on October 19, 2010, and the statute of limitations began to run again the following day.[4] The statute of limitations then ran for another 161 days, from October 20, 2010, until March 30, 2011, when Petitioner filed his current habeas corpus petition.

Altogether, the federal statute of limitations was running for a total of 492 days in this case:

120 days between January 16, 2007, (when Petitioner's conviction and sentence became final on direct appeal), and May 16, 2007, (when Petitioner filed his petition for writ of prohibition) ; plus

211 days between June 13, 2007, (the day after the petition for writ of

_____

[4] The statute of limitations is not tolled during the period of time when a prisoner could seek certiorari review of post-conviction proceedings in the United States Supreme Court. See Snow v. Ault, 238 F.3d 1033, 1035-36 (8th Cir.) (§ 2244(d)(2) tolling period ends upon completion of state post-conviction proceedings in the highest state appellate court), cert. denied, 532 U.S. 998 (2001); Lawrence v. Florida, 549 U.S. 327, 337 (2007) (same).

prohibition was denied), and January 10, 2008, (the date when Petitioner filed his first post-conviction motion); plus

161 days between October 20, 2010, (the day after the Minnesota Supreme Court denied Petitioner's request for further review of his last post-conviction motions), and March 30, 2011, (the date when Petitioner filed his current federal habeas corpus petition).

Again, the statute of limitations was running in this case for a total of 492 days altogether, (120 + 211 + 161 = 492).  Needless to say, the 492 days that the statute of limitations was running in this case exceeds the one-year (365-day) limitation period prescribed by § 2244(d)(1)(A).  Therefore, the Court finds that this action was filed after the applicable statute of limitations had expired.

Petitioner may believe that his various state post-conviction proceedings did not merely toll the running of the statute, but somehow "reset the clock," thus giving him a fresh new one-year limitations period when his latest state post-conviction proceedings were completed on October 19, 2010.  That, however, is simply not the case.  "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired."  Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted).  Again, the statute of limitations was merely tolled during Petitioner's post-conviction proceedings; the one-year limitations period did not begin to run anew after Petitioner's post-conviction proceedings were fully completed.

Finally, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred.  See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918

(2003). <u>See</u> <u>also</u> <u>Holland v. Florida</u>, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when <u>extraordinary circumstances beyond a prisoner's control</u> make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." <u>Jihad v. Hvass</u>, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). <u>See</u> <u>also</u> <u>White v. Dingle</u>, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way"). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be <u>guarded and infrequent</u>, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" <u>Jihad</u>, 267 F.3d at 806, (quoting <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. <u>Kreutzer v. Bowersox</u>, 231 F.3d 460, 463 (8th Cir. 2000), <u>cert</u>. <u>denied</u>, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline. <u>Id</u>.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. It appears that in this case, as in <u>Baker</u>, Petitioner simply was not "diligent in acting to protect

his right to federal habeas review of his conviction." 321 F.3d at 772. Therefore, the tardiness of this action cannot be excused based on equitable tolling.

## III.   CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred. The one-year statute of limitations began to run on January 16, 2007, the day after Petitioner's criminal conviction became final on direct appeal. The statute of limitations was tolled from May 16, 2007, to June 12, 2007, when Petitioner's application for a writ of prohibition was before the Minnesota Court of Appeals; and the statute of limitations was tolled again from January 10, 2008, to October 19, 2010, when Petitioner's various post-conviction proceedings were pending in the trial court and the state appellate courts. However, even with the subtraction of those tolling periods, the statute was running in this case for 492 days – 120 days before the petition for writ of prohibition, plus 211 days between the dismissal of the petition for writ of prohibition and the initiation of the various post-conviction proceedings, plus another 161 days after the state post-conviction proceedings were fully completed. Because the statute of limitations had been running for more than 365 days before Petitioner filed his current habeas corpus petition, this action is time-barred.

Petitioner has filed an anomalous motion seeking leave to file various documents with his petition. (Docket No. 2.) However, it appears that the Clerk of Court has, (quite properly), already filed everything that Petitioner submitted with his petition. Therefore, Petitioner's motion to file additional documents will be denied as moot.

Petitioner has also filed an application seeking leave to proceed in forma pauperis, ("IFP"), in this matter. (Docket No. 4.) However, the Clerk's records show that Petitioner

has paid the full $5.00 filing fee for this case, (Docket No. 5), and Petitioner has not shown that he has sought IFP status for any reason other than to be excused from paying that fee. Therefore, Petitioner's IFP application will be denied as moot.

## IV.   CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here.  Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that Petitioner should not be granted a COA in this matter.

## V.       RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2.   Petitioner's "Motion to Accept All Appendix and Brief's," (Docket No. 2), be **DENIED AS MOOT**;

3.  Petitioner's application for leave to proceed in forma pauperis, (Docket No. 4), be **DENIED AS MOOT**;

4. This action be **DISMISSED WITH PREJUDICE**; and

5.  Petitioner should **NOT** be granted a Certificate of Appealability.


Dated: April 21, 2011

                                    *s/ Janie S. Mayeron*
                                    JANIE S. MAYERON
                                    United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 5, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.